THE PARTNERSHIP "CEDÓ & LATONI", represented by its managing partners (*gestores*) DARÍO CEDÓ and GERARDO LATONI, Petitioner and Appellant, *v.* F. NAVARRO ORTIZ, JUDGE OF THE DISTRICT COURT OF MAYAGÜEZ, Respondent and Appellee.

No. 7903. Argued June 15, 1939.—Decided July 29, 1939.

*Enrique Baez García* for appellant. *Pascasio Fajardo Martínez* for the intervener, defendant in the main action.

Mr. Justice Wolf delivered the opinion of the court.

This is an appeal from the judgment of Mr. Chief Justice Del Toro, acting as judge in vacation, dated November 5, 1938. A motion to dismiss the appeal has been filed by one of the respondent parties.

The facts of the case are as follows:

The firm "Cedó & Latoni" filed suit in the Municipal Court of Mayaguez against R–C–R Flexible Clothes Corp., Inc. to recover the sum of $253.27. The plaintiff attached some machinery, office equipment and other goods, property of the defendant. The defendant released the attachment by giving bond therefor. Judgment was pronounced for the plaintiff and an appeal was taken therefrom to the District Court of Mayaguez.

Sometime later, the municipal court on motion of the plaintiff annulled the bond, and ordered the defendant to give a new bond within four days or otherwise the marshal would attach again all the property which had been originally attached.

Meanwhile, the corporation had filed a petition *ex parte* in the district court asking for the appointment of a receiver. The petition was filed by the treasurer of the corporation and asked that the corporation be put in receivership for a term of eight months. The petition was granted and Enrique López Delgado, the largest creditor of the corporation, was appointed receiver.

When the term granted to the corporation to give the new bond expired, without its doing so, the marshal proceeded to attach again. The receiver asked the district court to release the attachment on the ground that the corporation was under his receivership. The court granted the motion and ordered that the attachment be released. The plaintiff in the original case came to this Court praying for a writ of prohibition against the District Court of Mayaguez which had, he said, acted without jurisdiction, and against the receiver and the corporation. The alternative writ was issued by Mr. Chief Justice Del Toro, judge in vacation.

After the hearing the Chief Justice denied the petition and quashed the writ by judgment of November 5, 1938. The petitioner appealed from this judgment before the court in full.

The R–C–R Flexible Clothes Corp. was one of the parties against whom the writ was issued and it appeared before the judge in vacation at the hearing. It has filed a motion to dismiss the appeal on the following grounds:

(*a*) That the judgment obtained by the appellant in the municipal court and the execution of which had been secured by the attachment which was released because of the receivership, has been paid in full, and therefore the firm Cedó & Latoni has no interest in the receivership and is not an adverse party and has no cause of action in the receivership proceedings before the District Court of Mayaguez.

(*b*) Because the receivership has been extinguished as appears from the record and from certification of the Clerk of the District Court of Mayaguez.

To this motion the respondent attaches certificates to the effect that the judgment referred to has been paid in full with interest and costs, and that the receivership has been extinguished. The petitioner opposes the motion on the grounds that if the appeal were dismissed, the acts of the receiver would be convalidated; because the appeal is not frivolous and because all the requirements have been complied

with. It also claims that the judgment has been paid only to stop this Court from entering into the validity of a receivership which was decreed without jurisdiction and because the R–C–R Flexible Clothes Corp. is not a party of this appeal.

We are of the opinion that the case has become entirely academic and should be filed away, and it is so ordered. See *Bianchi* v. *Pierazzi* et. al., 25 P.R.R. 587, for the bearing it may have.

Mr. Chief Justice Del Toro and Mr. Justice Travieso took no part in the decision of this case.